[Civ. No. 7265.   Fourth Dist.   Oct. 16, 1963.]

HOWARD B. CRITTENDEN, Jr., et al., Plaintiffs and Respondents, v. THOMAS T. CRITTENDEN, Defendant and Appellant.

Thomas T. Crittenden, in pro. per., for Defendant and Appellant.

James B. Abbey for Plaintiffs and Respondents.

BROWN (Gerald), J.—Three brothers, Howard, Phillip and Thomas Crittenden were each left an undivided one-third interest as heirs of certain commercial property under a decree of distribution of their mother's estate. Being unable to agree among themselves, Howard and Phillip brought a complaint in partition for sale of the premises. The defendant, Thomas, did not answer or make an appearance within the required time, and a default judgment was taken against him and an interlocutory decree of partition was ordered by the court. Defendant's motion to set aside the default was denied, and he has brought this appeal, contending in three points that he was denied a right to be present at the court hearing by reason of a wrongful taking of the default, that the wrongful default taking deprived him of the right to an accounting, and that the partition action was inequitable because the other two owners were trying to "freeze him out" for their personal gain.

The partition action was filed on September 5, 1962, and defendant was served with summons and complaint on September 11. Defendant wrote plaintiffs' attorney two letters dated October 5, and October 20, and conferred with him respecting possible settlement. The crucial letter on which the basis for taking the default rests was dated October 23, and was written by plaintiffs' attorney to defendant. It suggested a method of settling the case, and that if the terms were agreeable, defendant should sign a copy of the letter and return it to plaintiffs' attorney; otherwise defendant should file an answer or appear in the action before November 5.

After defendant made no appearance, plaintiffs requested entry of default on November 15. A default hearing was conducted on November 26, and an interlocutory judgment of partition was entered on December 3. A month later, defendant moved to set aside the default, accompanying his motion with affidavit, demurrer and proposed answer. Defendant's affidavit stated that he signed and returned the copy of the letter of October 23. Counteraffidavits filed by plaintiffs' attorney and his secretary denied receipt of such letter. Defendant's motion to set aside the default was denied on January 14, 1963.

An order denying a motion to vacate a default judgment will not be reversed in the absence of a clear showing of an abuse of discretion by the trial court. (*Warren* v. *Warren*, 120 Cal.App.2d 396 [261 P.2d 309]; *Baratti* v. *Baratti*, 109

Cal.App.2d 917 [242 P.2d 22].)　■　Nevertheless, bearing in mind that cases should be heard on their merits whenever possible, an appellate court will carefully scan orders denying motions to set aside defaults. (*Karlein* v. *Karlein*, 103 Cal.App.2d 496 [229 P.2d 831].)

■　The Code of Civil Procedure, section 473, provides that the court may relieve a party from a judgment, order or proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Defendant claims that his mistake and excusable neglect consisted of reliance upon the integrity of plaintiffs' counsel.

A study of the record and the affidavits of plaintiffs' attorney and his secretary reveals sufficient and substantial evidence to sustain the position of the trial court in denying defendant's motion to set aside the default. Furthermore, it appears by the proposed answer and the law that defendant could not block a partition of the property; his proposed answer, in effect, admits the right to partition, and such right is well established. (*Lazzarevich* v. *Lazzarevich*, 39 Cal. 2d 48 [244 P.2d 1].)

Plaintiffs' previous motion to dismiss the appeal on the ground the appeal is frivolous, and which was continued to be heard and decided on a hearing on the merits, is denied.

The judgment and all orders in connection therewith are affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 11, 1963.