[Civ. No. 21354.   First Dist., Div. Three.   Feb. 13, 1964.]

GEORGE E. BARBER, Plaintiff and Respondent, v. CALIFORNIA CREDIT COUNCIL, Defendant and Appellant.

E. Walter Lynch for Defendant and Appellant.

Hamm, Arnason, Waldie & Rockwell and Richard Rockwell for Plaintiff and Respondent.

SALSMAN, J.—The superior court entered its judgment setting aside a default and a default judgment previously obtained by appellant against respondent in the municipal court. Respondent's suit to set aside the municipal court judgment was in equity, and the sole question on this appeal is whether there is sufficient substantial evidence in the record to support the trial court's findings that the default judgment in the municipal court was taken as a result of extrinsic mistake on the part of respondent.

The record discloses that respondent Barber owned a soft drink bottling business located in Blythe. He sold the business to Sherier and took a chattel mortgage as security for a balance due from the purchaser. While operating the business Sherier bought glass bottles from the Maywood Glass Company, but did not pay for them. Later respondent Barber foreclosed his chattel mortgage and took possession of the business. The Maywood Glass Company assigned its outstanding account against Sherier to appellant for collection. Appellant filed suit against both Sherier and respondent and served respondent with summons. Respondent, being advised he had no liability for the debt of Sherier, twice requested a dismissal of the action or that no default be taken against him without further notice and opportunity to answer. Appellant rejected these requests in letters mailed to respondent, but there was evidence and testimony, and the trial court found, that respondent did not receive these letters of appellant. Further, respondent contacted appellant's assignor, the Maywood Glass Company, and was assured by the latter that they did not intend to hold him responsible for Sherier's debt. The trial court found these assurances had in fact been made by appellant's assignor. Later, and without further notice, appellant took a default judgment against respondent and more than six months after entry of default, levied execution upon respondent's property.

Appellant contends there is no evidence to show that it participated in or caused respondent to be mistaken about the necessity of answering the complaint and hence respondent's mistake alone is not ground for setting aside the default judgment. This contention is not supported by the record. Here appellant received and rejected respondent's

requests for a dismissal or further notice before entry of default. Rejection was by letter, but the evidence is clear that respondent did not receive these letters. Moreover, appellant knew of respondent's repeated contacts with appellant's assignor concerning the debt, and knew of the stated intention of the Maywood Glass Company to look only to Sherier for payment and not to respondent, for both of respondent's letters to appellant made specific reference to discussions with Maywood Glass Company and promises by the creditor not to look to respondent for payment of the account. It is not disputed that appellant was but the assignee of the creditor for purposes of collection of the debt. Thus there is evidence to support the trial court's finding that the creditor's assurances led respondent into the mistaken belief that he would not be required to answer the complaint and defend the action, and that respondent was not negligent in permitting judgment to be taken against him.

The basis for equitable relief from a judgment whether the ground for relief be called "extrinsic fraud" or "extrinsic mistake" is that the judgment has resulted from circumstances of unfairness or injustice without affording the aggrieved party an opportunity to participate in the proceedings. (*Corey* v. *Weerts*, 214 Cal.App.2d 416, 422 [29 Cal.Rptr. 533].) The prayer in equity to set aside a default judgment appeals to the discretion of the court. Each case necessarily depends upon its own peculiar facts (*Galper* v. *Galper*, 162 Cal.App.2d 391, 396-397 [328 P.2d 487]) and on appeal, the burden of showing abuse of discretion or error rests upon appellant. (*Davis* v. *Davis*, 185 Cal.App.2d 788, 794 [8 Cal.Rptr. 874].) Here, mistake is evident. Respondent had been assured that the creditor, for whom appellant was acting, would not look to respondent for payment of the debt. With this assurance respondent could reasonably assume that defense of the lawsuit in which he was named as a defendant would be a needless expense and waste of effort. Respondent is free of negligence. His testimony before the trial court strongly indicates that he has a valid defense on the merits to appellant's action. His mistake has resulted in an unjust judgment being taken against him without a fair adversary hearing. The trial court's ruling setting aside the default judgment will lead to a trial of the action on its merits, a policy long established in law and to which we must give due weight. (*Crittenden* v. *Crittenden*, 221 Cal. App.2d 299, 301 [34 Cal.Rptr. 428].) Equitable

relief from appellant's judgment was properly granted. *(Hallett* v. *Slaughter,* 22 Cal.2d 552, 556-557 [140 P.2d 3]; *Bartell* v. *Johnson,* 60 Cal.App.2d 432, 436-7 [140 P.2d 878]; 3 Witkin, Cal. Procedure, 2128.)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.