[Civ. No. 7279.    Fourth Dist.    June 1, 1964.]

MARVIN W. CARPENTER, Plaintiff and Respondent, v.
SHAH MOHAMMED, Defendant and Appellant.

Lewis A. Plourd and Frederick H. Bysshe, Jr., for Defendant and Appellant.

Cruz Reynoso for Plaintiff and Respondent.

BROWN (Gerald), J.—This is an appeal from an order denying defendant's motion to set aside a default judgment.

Defendant Shah Mohammed, a citizen and resident of West Pakistan, inherited an undivided one-half interest in certain real property in Imperial County. In 1960 he entered into negotiations for the sale of his interest to the plaintiff Marvin W. Carpenter. In a letter dated August 6, 1960, defendant refused plaintiff's offer of $8,750, and made a counteroffer of $11,000. The letter states, "If my this offer [$11,000] is acceptable to you, kindly send the necessary papers duly completed for my signatures etc." The offer was accepted by the plaintiff on October 5, 1960. In addition to the $11,000 plaintiff was to pay all escrow charges (approximately $500, and all back taxes (approximately $3,000). The escrow papers were mailed to defendant, but he did not reply.

Suit was filed March 3, 1961, seeking damages, or in the alternative, specific performance. The action for damages was abandoned. A copy of the complaint and summons and a letter explaining the nature of the action were sent to the defendant. In June 1961, defendant replied that he had made the offer, but had not received the acceptance, and was referring the matter to the West Pakistanian Embassy and U.S. authorities. In reply plaintiff sent new escrow instructions and a deed.

The summons was published in an Imperial Valley newspaper under a court order dated August 25, 1961. Default was entered on May 2, 1962. A hearing was held on May 24, 1962, and judgment was entered July 25, 1962—16 months after the complaint had been filed.

A motion to set aside the judgment on the ground of excusable neglect and inadvertence, filed September 4, 1962, and amended October 9, 1962, was denied November 21, 1962.

The first contention of the defendant is that the original summons was not returned, hence the court lacked jurisdiction to render a personal judgment against him. ▮ It is well settled if a judgment should not have been entered at all, it may be set aside under proper circumstances. (*Greif* v. *Dullea*, 66 Cal.App.2d 986, 993 [153 P.2d 581]; *Lynch* v. *Bencini*, 17 Cal.2d 521 [110 P.2d 662].) ▮ It is also well settled that inclusion of any ground inconsistent with the sole claim that the judgment is void for lack of personal jurisdiction is sufficient to convert a special appearance into a · general · appearance. (*Shelley* v. *Casa De Oro, Ltd.*, 133

Cal.App. 720, 723 [24 P.2d 900] ; *Bank of America* v. *Carr,* 138 Cal.App.2d 727, 733 [292 P.2d 587].)  ■  In this connection beside appearing to challenge the judgment, the defendant acknowledged that the plaintiff sent him a copy of the complaint and summons, filed an answer, claimed the price was not fair, and moved for and obtained a court order that the judgment be modified to provide for payment of the $11,000 to his attorney, which was done. These acts are sufficient to constitute a general appearance and dispose of the claim of lack of personal jurisdiction.  ■  The defendant next contends that the court abused its discretion in denying defendant's motion to set aside the default judgment. This contention is without merit.  ■  "An order denying a motion to vacate a default judgment will not be reversed in the absence of a clear showing of an abuse of discretion by the trial court." (*Crittenden* v. *Crittenden,* 221 Cal.App.2d 299, 300-301 [34 Cal.Rptr. 428].) Code of Civil Procedure, section 473 provides: "The court may, upon such terms as may be just, relieve a party ... from a judgment ... taken against him through his mistake, inadvertence, surprise or excusable neglect."

■  The claim of relief under this section is on the ground that the defendant is a citizen and resident of West Pakistan unfamiliar with legal proceedings in California, and thus he received no real notice of the proceedings against him. There is nothing in the record to support this position. The judgment was entered 16 months after suit was filed. The record shows that notice was given: by sending a copy of the complaint and summons to the defendant at the address used during the negotiations by registered mail, return receipt requested—the receipt being acknowledged and returned; by sending other registered letters to the defendant urging that he defend the action; by publication in a local newspaper for four weeks; and by recording a *lis pendens.* The defendant's understanding that legal proceedings had been undertaken against him is further demonstrated by his reference of the matter to his government and U.S. authorities. The record reveals substantial evidence to sustain the position taken by the trial court in denying defendant's motion to set aside the default.

The order is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1964.