[No. E001432. Fourth Dist., Div. Two. Jan. 16, 1986.]

ROGER JANETSKY, Plaintiff and Appellant, v.
ALAN S. AVIS et al., Defendants and Respondents.

800

## COUNSEL

Shirley A. Engel, Engel & Ruttenberg and Ruth Wagner for Plaintiffs and Appellants.

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, Hall R. Marston, Barry Z. Brodsky and Robert M. Dato for Defendants and Respondents.

## OPINION

**HAVENS, J.**\*—Plaintiff Roger Janetsky (dba Mutual Mortgage Co., and referred to hereafter as plaintiff) appeals from an order denying him relief from default, which occurred when plaintiff failed to respond to a request for admissions, and from the grant of defendants' motion for summary judgment.

### ISSUES ON APPEAL

Plaintiff asserts that the issues presented by this appeal are:

(1) Were the statutory notice requirements of Code of Civil Procedure section 2033, subdivision (a) complied with by placing the statutory warning regarding failure to respond at the end of the request for admissions rather than at the conclusion of the request portion of the document? Plaintiff claims that placement of the warning at the end of the request entitles him to relief from default.

---

*Assigned by the Chairperson of the Judicial Council.

(2) Was the notice of default prematurely served on plaintiff and if so, is plaintiff thus entitled to relief from default under section 473 of the Code of Civil Procedure?

(3) Is plaintiff entitled to relief under the court's inherent equitable power?

Defendants counter by declaring that there is but one simple issue presented: Did the trial court abuse its discretion in denying the motion for relief and in granting summary judgment?

### STATEMENT OF FACTS

The basic facts crucial to this appeal can be summarized in a few sentences. Plaintiff sued defendants, who are attorneys, for legal malpractice. In due course, defendants propounded a request for admissions to plaintiff. Plaintiff never filed or served a verified response to the request for admissions despite the fact that defendants granted or agreed to several extensions of time within which plaintiff was to respond. Ultimately, after notice that the request for admissions would be deemed admitted pursuant to Code of Civil Procedure section 2033, subdivision (a), defendants moved for summary judgment. Plaintiff countered with a motion for relief. The trial court, after considering the moving papers as well as testimony of the plaintiff, denied plaintiff's motion for relief and granted defendants' motion for summary judgment. Plaintiff appeals from that judgment. A further, more detailed review of the facts relevant to the issues involved is as follows.

### 1. *The request for admissions*

Plaintiff filed his complaint on November 9, 1981. Defendants' answers were filed and served bringing the matter to issue. On January 31, 1984, defendants propounded a request for admissions, duly served by mail, addressed to plaintiff's counsel. At the same time interrogatories and a request for production of documents were served on plaintiff's counsel. The request for admissions was aimed at the essential elements of plaintiff's case. Defendants sought to establish, for example, (1) that they were not attorneys of record for plaintiff in the action which gave rise to the alleged legal malpractice; (2) that plaintiff was not damaged by the acts of defendants; and (3) that they were not negligent in their handling of one of the actions from which the claimed legal malpractice arose.

The request for admissions consisted of five pages. Lines 1-27 of page one identified the moving party, contained the title of the court case, the caption and introductory request. The introductory request began on line 25

and terminated in the middle of line 27. It was not immediately followed by any mention of the consequences of a failure to respond to the requests. Pages two to five contained thirty-four separate requests for admissions. After the 34th request for admissions there appeared in capital letters and underscored, the familiar statutory language of Code of Civil Procedure section 2033, subdivision (a), to wit: " 'If you fail to comply with the provisions of Section 2033 of the Code of Civil Procedure with respect to this request for admissions, each of the matters of which an admission is requested will be deemed admitted' . . . ."

Plaintiff did not respond to the request for admissions within the statutory period, apparently prompting counsel for defendants to write a letter to plaintiff's counsel in which he unilaterally granted a 15 day extension of time within which to respond. On March 12, 1984, after a discussion with plaintiff's attorney, counsel for defendants granted an additional extension of time up to and including April 11, 1984. On April 14, 1984, counsel for plaintiff wrote to defendants' counsel explaining the circumstances of a continued delay, but promising that the responses would be served shortly. Defendants' counsel immediately corresponded, again reciting the circumstances of the delay, and unilaterally extending the time within which to respond to the request for admissions an additional seven days. He insisted, however, in clear and unambiguous terms, that he must receive the responses by that time, stating, inter alia: "Please be advised that unless I receive all of the above within 7 days, I have no alternative but to deem the request for admissions admitted and to file motions to compel discovery requesting monetary sanctions. [¶] Please govern yourself accordingly."

The seven days passed without any response being received and on April 25, 1984, defendants' counsel notified plaintiff's counsel—via certified mail, return receipt requested—that the request for admissions had been deemed admitted pursuant to Code of Civil Procedure section 2033. In that same correspondence plaintiff's counsel was reminded that it would be necessary for his client to seek court relief as a result of his failure to file timely answers. On or about May 1 or 2, 1984, plaintiff's counsel wrote another letter to defendants' counsel explaining the delay and forwarding an unverified purported response to the request for admissions. Defendants immediately responded by letter and informed plaintiff's counsel again that plaintiff would have to seek court relief by making an appropriate motion in a timely fashion.

Finally, on June 22, 1984, no motion for relief having been filed on behalf of plaintiff, defendants moved for summary judgment based upon the matters which had been deemed admitted. At last, on July 3, 1984, some 69 days after notice of default had been sent to plaintiff by defendants—via

certified mail, return receipt requested—plaintiff's counsel filed a motion for relief pursuant to Code of Civil Procedure, sections 473 and 2033. Even then plaintiff's counsel failed to submit verified responses to the request for admissions, an omission which persisted to the date of the hearing on the motion before the trial court and which apparently persists to this day.

### 2. *The hearing*

In addition to submitting declarations, plaintiff testified at the hearing. The testimony was somewhat rambling and at times unresponsive, but the court granted broad latitude in his testimony so that he could explain his failure to respond to the request for admissions. In summary he claimed to have been very busy and involved in various real estate matters, had been working long hours, and that he also had been out of the country and/or state. All of these circumstances prevented him from responding to the requests for admissions. Cross-examination, however, revealed that the bulk of his time from January 1984 to June 1984 was spent in California.

Following plaintiff's testimony legal argument ensued. Interestingly, plaintiff's counsel *never* argued the issues on appeal he now asserts, namely (1) that defendants failed to comply with the statutory requirements of Code of Civil Procedure section 2033, subdivision (a) with regard to the placement of the notice of the consequences that would flow from a failure to respond to the request for admissions and (2) that the notice of default was prematurely served and hence plaintiff is entitled to relief under Code of Civil Procedure section 473. On the contrary, plaintiff's counsel acknowledged that she had been, at all times, informed by opposing counsel of the consequences of a failure to respond. Moreover, in response to the court's inquiry concerning why she did not timely file a motion for relief from default, counsel simply declared "I can only plead extenuating circumstances . . . . I know what the Code says, and I've read it thoroughly . . . . [¶] [A]nd it was just not possible for me to get it in any sooner than I did." Following legal argument the court indicated that, since the statutory period under Code of Civil Procedure section 2033 had passed, he felt relief under that section inappropriate. With respect to the request to invoke the court's inherent equitable authority, the court found that this case did not qualify for such relief, since there had not been an adequate showing justifying such relief. Thus, the motion for relief was denied and the motion for summary judgment in favor of defendants was granted.

### I

### The Statutory Warning

Plaintiff's primary attack on the trial court's ruling is that the request for admissions propounded by defendants was formally defective since

the statutory warning was placed at the end of the request for admissions rather than at the end of the introductory paragraph.

Code of Civil Procedure section 2033, subdivision (a), in this regard provides, inter alia: "Each of the matters of which an admission is requested shall be deemed admitted, provided that the original request contained substantially the following words *at the end thereof:* 'If you fail to comply . . . each of the matters . . . will be deemed admitted' . . . ." (Italics added.)

We recognize that there is a split of authority as to the interpretation of the language in this statute as it relates to where the warning must be placed. One line of cases holds that the language *"at the end thereof"* means that the warning must be placed at the end of the introductory paragraph of the request; otherwise, it is defective. (Italics added.) Other authority holds that placement of the warning at the very end of the request satisfies the statute. For reasons which we will discuss herein we believe that placement of the warning at the very end of the request complies with the mandate of the statute and that the critical issue to be resolved is whether this particular placement of the warning could have misled the recipient of the request.

At the outset of our analysis of the issues in this case we note that plaintiff's argument to this court represents a radical departure from the argument addressed at the hearing in the trial court on the motion for summary judgment and the motion for relief. Whereas plaintiff now argues he was misled or could have been misled because of the placement of the warning, in the trial court he argued that he understood the significance and the consequences of the request for admissions but that counsel was simply not able to communicate with the client and the client was just too busy, or unavailable, to respond. ■ It is axiomatic that a party may not, for the first time on appeal, raise a new theory that contemplates a factual situation, the consequences of which are open to controversy and were not put in issue or presented to the trial court. A new theory may be advanced for the first time on appeal only when it involves a legal question determinable from facts which are not only uncontroverted in the record but could not be altered by presentation of additional evidence. (*Cramer* v. *Morrison* (1979) 88 Cal.App.3d 873, 887 [153 Cal.Rptr. 865].) ■ In plaintiff's argument to this court, he now claims that he could have possibly been misled and at one point that "As a matter of fact, appellant did not understand the differences between the various demands for discovery and the consequences of failure to respond to the requests for admission." Clearly had plaintiff contended in the trial court that he had been misled concerning the significance of the request for admissions, defendants could have countered with a stronger showing to the contrary in their papers, by cross-examination, and at oral argument at the time of the hearing. The placement of the

section 2033 statutory admonition is intended to concern the central factual issue, i.e., was the party apprised of the legal significance of a properly propounded request for admissions. Whether plaintiff was so apprised in this case is a factual issue and plaintiff should not now be permitted to change the theory of his case. Such facts, if claimed, should have been presented to the trial court to be considered in the exercise of its discretion.

Notwithstanding the foregoing principle, however, we nevertheless will address this issue since there is a split of authority in other appellate courts concerning the interpretation of Code of Civil Procedure section 2033 and we believe it is important that our position be known to give added weight to what we believe is the correct interpretation of that statute.

The Fourth District, Division Three of this court considered the statutory language of Code of Civil Procedure section 2033 in the case of *Barnett* v. *American-Cal Medical Services* (1984) 156 Cal.App.3d 260, 263 [202 Cal.Rptr. 735]. In that case the court recognized the merit of piercing through the artificial fixtures of form and technicality when the basic objectives of the code and the procedure articulated therein have been satisfied and held that a warning at the very end of the request for admissions satisfied the statute. (*Id.,* at pp. 264-265.)

In the *Barnett* case a wrongful death action was filed by surviving family members against the defendant's medical service, alleging negligence as a proximate cause of decedent's death. The defendant served plaintiffs' counsel with a request for admissions. Plaintiffs' counsel neither responded nor requested an extension of time to respond, and the defendant as required served the plaintiffs with notice, via certified mail, return receipt requested, that each request had been deemed admitted pursuant to Code of Civil Procedure section 2033. The receipt was signed by the receptionist for plaintiffs' counsel, but no response was forthcoming. Following a phone call to plaintiffs' counsel by defendant's counsel requesting a dismissal, and upon discovering its oversight, plaintiffs' counsel filed a motion to set aside the admissions and the defendant responded with a motion for summary judgment. The trial court denied the plaintiffs' motion and granted summary judgment for the defendant. Interestingly, the statutory warning was placed at the end of the document, as it was in the instant case.

The *Barnett* court recognized that the Second District, Division One, had previously decided in *Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286 [190 Cal.Rptr. 853], that the warning must be placed ". . . at the end of the introductory . . . [or] 'request portion' of the document [followed by] the numbered requests . . . ." (*Id.,* at p. 290.) In the *Hernandez* decision summary judgment for the defendants was reversed because the statutory

warning was placed at the end of the introductory paragraph, but before a paragraph defining "intersection" (both paragraphs preceding the enumerated requests). The *Hernandez* court, in reaching its decision, relied on *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238 [174 Cal.Rptr. 722] (Second District, Division Five) and found that the warning was not correctly placed "at the end" of the introduction as it should have been. The *Barnett* court, however, we believe correctly rejected the contention of *Hernandez* that the failure to put the statutory admonition at the end of the introductory portion of the request invalidated the request for admissions. The *Barnett* court stressed that the important consideration is whether the party served with the request could not have been misled, and was clearly warned in compliance with section 2033. The court pointed out, for example, that the plaintiffs could not seriously claim they were misled since plaintiffs' counsel admittedly never saw the document. The *Barnett* court in its analysis of the *Billings* case, moreover, also observed that the rationale of that decision was actually whether or not the plaintiff in *Billings* could not have been misled and would have been clearly warned. (*Barnett, supra,* 56 Cal.App.3d at p. 264.)

In those cases which follow *Hernandez,* a recurrent theme concerns whether the responding party was misled by the failure of the statutory admonition to be placed at the conclusion of the introductory portion of the request. For example, in *Hansen* v. *Superior Court* (1983) 149 Cal.App.3d 823 [197 Cal.Rptr. 175], the admonition was buried in the middle of the second page of lengthy instructions, admonitions and definitions. The requests themselves were virtually indistinguishable from ordinary interrogatories and were scattered among the hundreds of inquiries. In *Enfantino* v. *Superior Court* (1984) 162 Cal.App.3d 1110 [208 Cal.Rptr. 829], the request for admissions was interspersed in a lengthy set of interrogatories, hence contributing to the responding party's confusion.

In the recent case of *Freshman, Mulvaney, Comsky, Kahan & Deutsch* v. *Superior Court* (1985) 173 Cal.App.3d 223 [218 Cal.Rptr. 533], the Second District, Division Five again considered the question of the proper placement of the statutory section 2033 warning. After reviewing the conflicting opinions of the various Courts of Appeal, that court adopted the *Barnett* reasoning, holding that a warning at the very end of the document and after the requests for admissions complied with the statute. They point out in the opinion, moreover, that attorneys in California are provided with a model form for requests for admissions in the June 1984 supplement to California Civil Discovery Practice (Cont.Ed.Bar) which in fact places the warning language at the very end of the document just before the signature clause. In any event, the *Freshman* court, adopting the principles of *Barnett*, resolved that since there were no facts to suggest that anyone was misled by

placement of the warning at the very end of the request, such placement complied with the statutory standard.

The important consideration here, therefore, is whether this plaintiff was misled. Not only was the warning not hidden in the middle of other introductory language as it was in *Hernandez,* it was placed at the end of the original document. Moreover, there was never any claim, except for the first time in plaintiff's opening brief, that anyone was misled. Based on the record before us it is clear that plaintiff was informed several times of the serious consequences of failing to respond but simply chose to ignore such warnings. Were we to adopt the artificial construction suggested by the *Hernandez* court, we would exalt form over substance, technicality at the expense of reason, and all to the disservice of the solemn business of justice. We decline to follow *Hernandez,* therefore, since we believe that *Barnett* correctly interprets the statute. Hence, since plaintiff was clearly informed under the facts of this case, we find that placement of the warning at the very end of the request satisfies the statute.

## II

### Notice of Default

■    Plaintiff also asserts that statutory notice of default was sent prematurely and that this irregularity invalidates the trial court's exercise of its discretion. We note that plaintiff did not raise this issue at the trial court and, as previously discussed, since factual issues are involved he cannot raise it for the first time on appeal. ■    Moreover, even if we were to consider plaintiff's claim, we reject his argument that the notice was premature because Code of Civil Procedure section 1013, subdivision (a) would have given plaintiff an additional five days within which to respond. Code of Civil Procedure section 1013, subdivision (a), which adds five days to respond when service was made by mail, applies to "prescribed" time periods as articulated in the Code of Civil Procedure and not to private extensions of time *after the statutory period has lapsed* within which to respond to discovery. (See *White* v. *De Martini* (1960) 183 Cal.App.2d 665, 668 [6 Cal.Rptr. 782]; *Alphonzo E. Bell Corp.* v. *Listle* (1942) 55 Cal.App.2d 300, 306 [130 P.2d 251].)

In this case defendants' counsel in his letter, in which he unilaterally extended time, made it absolutely clear that he must *receive* answers to his request for admissions within seven days of the date of his correspondence, April 17, 1984. It is clear that they had to be in hand by April 24, 1984, and that plaintiff could not rely on section 1013, subdivision (a) to add additional time to this private extension of time agreement.

## III

### Relief From Default

Plaintiff's final contentions are that the court erred in not granting relief pursuant to Code of Civil Procedure section 473 and/or on the basis of the court's inherent general powers of equity.

### *1. Relief from default pursuant to Code of Civil Procedure section 473*

■ Code of Civil Procedure section 2033 specifically provides that a section 473 motion must be brought within 30 days after service of the notice of default. Here the plaintiff's motion for relief was untimely, since filed more than sixty days following the notice of default which was properly sent pursuant to the requirement of Code of Civil Procedure section 2033. In fact, this requirement was recently reiterated by the Supreme Court in an opinion that was most generous to a party in default in *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227 [211 Cal.Rptr. 416, 695 P.2d 713]: "In order to qualify for relief under section 473, the moving party *must* act diligently in seeking relief and must submit affidavits or testimony demonstrating a reasonable cause for the default. [Citation.]" (*Id.,* at p. 234, italics added.)

The diligence requirements have been articulated repeatedly by the Courts of Appeal. For example, in *Billings* v. *Edwards, supra,* 120 Cal.App.3d 238, 243-244, the court held that the trial court was bound, as a matter of law, to deny a motion under Code of Civil Procedure section 473 for relief from default, since it was filed in excess of 30 days after the "deemed admitted" notice. (At p. 245.)

The plaintiff must demonstrate to the satisfaction of the court that he acted diligently. We search the record in vain to find such diligence. We note also that plaintiff has likewise failed to comply with that provision of section 2033 which requires a party seeking relief from default to file, in support of his motion, "a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, . . ." (See Code of Civ. Proc., § 473.) The plaintiff has never supplied a verified response to the request for admissions.

The rule has been indorsed by the Supreme Court in *Elston* v. *City of Turlock, supra,* 38 Cal.3d 227, where Chief Justice Bird observed: "A liberal interpretation of section 473 does not subvert the Legislature's intent in amending section 2033. Under section 2033, subdivision (a), the respond-

ing party must move for relief from default within 30 days and must include a copy of his responses to the request for admissions. [Citation.]" (*Id.*, at p. 237.)

We conclude, therefore, that plaintiff's motion for relief from default was properly denied by the trial court since he failed to comply with the specific requirements of sections 473 and 2033 of the Code of Civil Procedure.

### 2. Relief from default invoking the court's inherent equitable powers

■ Finally, plaintiff sought to invoke the trial court's inherent equitable powers to obtain relief on the basis of extrinsic fraud or mistake. Nowhere in the record is there any evidence of extrinsic fraud or mistake.

In *Westphal* v. *Westphal* (1942) 20 Cal.2d 393 [126 P.2d 105], the Supreme Court explained the type of fraud or mistake that is necessary to warrant granting equitable relief to a party in default. ■ "Fraud or mistake is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. [Citations.] . . . A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. [Citations.] Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack. [Citations.]" (*Id.*, at p. 397; see also *Perego* v. *Seltzer* (1968) 260 Cal.App.2d 825, 829-830 [67 Cal.Rptr. 636].)

■ Where a party's attorney knows the facts but mistakenly interprets their legal significance, that mistake is intrinsic, and will not warrant relief. (*Estate of Whelan* (1969) 1 Cal.App.3d 517, 520 [81 Cal.Rptr. 753].) An attorney's mistake will not provide the basis for relief unless it is caused by the party's adversary. (*In re Marriage of Guardino* (1979) 95 Cal.App.3d 77, 93 [156 Cal.Rptr. 883]; *Lennefelt* v. *Cranston* (1964) 231 Cal.App.2d 171, 175 [41 Cal.Rptr. 598].)

■ It is well recognized that it is within the trial court's sound discretion to utilize its equitable powers to provide relief from default and that on review the burden rests heavily on the appellant to show an abuse of discretion or error. (See *Barber* v. *California Credit Council* (1964) 224 Cal.App.2d 635, 637 [36 Cal.Rptr. 834].) That burden has not been sustained by plaintiff. Clearly the trial court considered the showing made by

plaintiff and, in fact, permitted plaintiff to testify at the hearing. The court expressly found that plaintiff's showing failed to justify the use of the court's equitable powers, and an even-handed review of the record shows that judgment to be reasonable.

No abuse of discretion can be said to exist.

Judgment affirmed.

Morris, P. J., and Rickles, J., concurred.

A petition for a rehearing was denied February 3, 1986, and appellant's petition for review by the Supreme Court was denied April 24, 1986.