Filed 2/8/24  Pogosyan v. An CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ERANUI POGOSYAN, as Successor-in Interest, etc., | E078859 |
| Plaintiff and Appellant, | (Super.Ct.No. PSC1405849) |
| v. | OPINION |
| BENJAMIN AN et al., | |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Randolph Rogers, Judge. (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Law Offices of Armen M. Tashjian, and Armen M. Tashjian for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Eranui Pogosyan appeals from trial court orders granting the motions of Benjamin An and CAY, LLC, a Nevada LLC (CAY Nevada) and setting aside the defaults and default judgments entered against "An Benjamin," CAY, LLC, and Sahara Motel.  We affirm.

BACKGROUND

In October 2014, Yelena Sarkisyan (plaintiff) filed a lawsuit against Sahara Motel and 50 Doe defendants, alleging causes of action for negligence and premises liability.  She alleged that in November 2021 she was injured while she was a guest at Sahara Motel, located at 66700 5th Street in Desert Hot Springs, California (the 5th Street property).  Plaintiff sought compensatory damages "according to proof."[1]

In May 2015, plaintiff amended the complaint to name CAY, LLC and "An Benjamin" as Doe defendants.  In June 2015, plaintiff filed a proof of service in which a sheriff's deputy attested that he served Moon K. Lee, as the agent of CAY, LLC, with the "summons & complaint."  The filed proof of service is three pages long.  The deputy's attestation about serving Lee with the summons and complaint appears on the first page.  A list of documents appears on the third page.  The list includes a document entitled, "statement of damages."  (Capitalization omitted.)  No signature appears on the third page, and no explanation is provided anywhere in the document about the purpose of the listed documents.

---

[1]     Plaintiff subsequently passed away, and plaintiff's daughter, Pogosyan, was substituted into the action as plaintiff's successor-in-interest.

2

In August 2015, plaintiff requested and the clerk entered default against CAY, LLC. The record on appeal does not include any documents that were filed along with the request for entry of default, and the register of actions reveals that no documents were separately filed along with the request The default states that the total amount of damages is zero dollars.

Later that year, plaintiff applied for an order under Code of Civil Procedure section 415.50 to allow plaintiff to serve "An Benjamin" by publication. (Unlabeled statutory references are to the Code of Civil Procedure.) In a declaration of due diligence filed in support of the application, plaintiff's counsel stated that he discovered that "An Benjamin" had owned the property where plaintiff was injured but subsequently sold it to CAY, LLC. Plaintiff's counsel referred to "An Benjamin" with female pronouns. A sheriff's deputy attested to having unsuccessfully attempted to serve a person named "Benjamin, An" (with the last and first names separated by a comma) at a residential address. In December 2015, the court issued an order allowing plaintiff to serve "An Benjamin" by publication in the Daily Journal (Daily Journal).

On February 3, 10, 17, and 24, 2016, the Daily Journal published a summons, notifying defendants Sahara Motel and "Does 1 to 50" of plaintiff's lawsuit. The notice included a statement of damages. The statement of damages was addressed as follows: "To: An Benjamin." It provided that plaintiff sought $250,000 in compensatory damages for pain and suffering and special damages in the amount of $130,131.86 for medical expenses. On March 29, 2016, and April 5, 12, and 19, 2016, the Daily Journal

3

published the same summons, along with a notice that the complaint had been amended to add "An Benjamin" as a defendant. The second notification included the same statement of damages addressed to "An Benjamin" as was included in the earlier notice.

In May 2016 and July 2017, plaintiff requested and the clerk entered default against Sahara Motel and "An Benjamin."

In late July 2017, plaintiff's counsel filed two declarations with the court, one describing the "status of efforts to obtain a default judgment" and one in support of plaintiff's request for entry of default judgment against defendants "Sahara Motel, CAY, LLC, and An Benjamin." (Boldface and capitalization omitted.) (The record does not contain plaintiff's request for entry of default judgment or the exhibits supporting plaintiff's counsel's declaration in support of the request.) In August 2017, the court entered default judgment against "Sahara Motel, Cay, LLC, and An Benjamin" in the amount of $380,131.86.

In December 2021, Benjamin An specially appeared and moved the court to set aside entry of default and default judgment against "An Benjamin" on equitable grounds, arguing that the default and default judgment were obtained through extrinsic mistake or fraud. (Capitalization omitted.) Benjamin An argued that he and the person named and served with the lawsuit—"An Benjamin"—were not the same person, so he—Benjamin An—was not properly served. CAY Nevada also specially appeared and moved for the court to set aside the default and default judgment as to CAY, LLC on equitable grounds and as being facially void under section 473, subdivision (d) (§ 473(d)). CAY Nevada

4

argued that it had never received notice of the amended complaint because plaintiff had erroneously served a different and unrelated entity—CAY, LLC of California (CAY California).

As to the default and default judgment entered against Sahara Motel, both CAY Nevada and Benjamin An noted: In the complaint, "the location of the accident is given as Sahara Hotel at 66700 5th Street, Desert Hot Springs, California 92240. There is no legal entity known as 'Sahara Hotel.' The actual name of the business being conducted at the subject location at the time of the alleged injury was 'Sahara Springs Family Park & Inn.' . . . The legal entity operating it was 'Best Family Vision, Corp.'"

Benjamin An's former counsel filed a declaration in support of Benjamin An's motion. He stated: "Benjamin An was not in possession of the subject property at the time of the accident, and Benjamin An was never served or came into any information about the accident or this case until June or July of 2021 when the judgment lien was discovered in the process of getting title insurance for a sale of the property." In support of the motion, Benjamin An submitted a copy of "The Riverside County Real Property" for the 5th Street property, which listed "An, Benjamin" (with the last and first names separated by a comma) as the property's owner beginning in January 2011.

Benjamin An also filed a declaration in support of the motion. He attested that "Benjamin An" is his name and that he is not known as "An Benjamin." Benjamin An was not personally served with the summons and complaint and did not see the notices of the lawsuit in the Daily Journal.

5

Benjamin An further explained that in January 2011 he purchased the trust deed for the 5th Street property and leased the property through a company he owned "to Best Family Vision Corp., doing business as the 'Sahara Springs Family Park & Inn,'" the former owner of the 5th Street property, which "continued to run the hotel" until sometime in 2013. In 2014, Benjamin An transferred ownership of the property to CAY Nevada, of which Benjamin An had been a member since its formation in Nevada in 2006. CAY Nevada was first domesticated in California in July 2021. CAY California was formed in 2014 and suspended in 2015. Benjamin An stated that he has never been a member of CAY California. Benjamin An learned of the lawsuit in June 2021, when CAY Nevada attempted to sell the 5th Street property and a title search of the property was performed.

Pogosyan opposed the motions. With respect to Benjamin An's motion, Pogosyan argued that "service of process complied with the statute as the movant's name was correctly stated on the Summons and was published correctly." With respect to CAY Nevada's motion, Pogosyan argued that CAY Nevada had been properly served. Pogosyan's counsel filed a declaration in support of the opposition with numerous exhibits attached, including plaintiff's counsel's instructions to the sheriff's office to serve Lee as the agent for CAY, LLC. In addition to being instructed to serve Lee with the summons and complaint, the sheriff's department was instructed to serve Lee with a "Statement of Damages," "Notice of Change of Address," and "Amendment to Complaint." (Some capitalization omitted.)

6

At a hearing on the motions, the trial court indicated that it was granting the requested relief because plaintiff had made "many missteps" in obtaining the default judgments. For example, the court noted that as to CAY Nevada the proof of service was filed "as to the California Cay but not the Nevada Cay," and in any event the proof of service did not indicate that CAY, LLC had been served with a statement of damages. To that point, the court noted that the only statement of damages served listed damages as to "An Benjamin only, not to all defendants." The court stated that the default entered as to "Sahara Hotel" was deficient for the same reasons. With respect to Benjamin An, the court asked plaintiff's counsel: "I don't even know whether Benjamin An—apparently An is the last name?" Plaintiff's counsel responded in the affirmative, and the court replied: "And yet in the use in the amendment to the Complaint it says An Benjamin." Plaintiff's counsel claimed it was "a distinction without a difference," and the court disagreed. The court reasoned, "An Benjamin is not the same person as Benjamin An" without "a comma in between" the last and first names.

The trial court granted the motions and set aside the defaults and default judgments against CAY Nevada and Benjamin An. The court also set aside the default and default judgment entered against Sahara Motel.

## DISCUSSION

Pogosyan contends that the trial court erred by setting aside the defaults and default judgments against CAY Nevada, "An Benjamin," and Sahara Motel. We are not persuaded.

7

A. *Legal Framework*

"When a defendant does not respond to a plaintiff's properly served complaint, the plaintiff may seek the entry of default and, thereafter, a default judgment. (§ 585, subds. (a) & (b).)" (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1039-1040.) Before a default can be taken in a personal injury action, the plaintiff must serve the defendant with a statement of the amount and type of damages sought. (§ 425.11, subds. (b), (c).) A plaintiff should file the statement of damages and proof of its service in support of any request for entry of default. (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 687-688 (*Fasuyi*) [citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶ 5:73].) The relief granted in a default judgment in a personal injury action cannot exceed the amount demanded in the statement of damages. (§ 580, subd. (a).)

A court may at any time exercise its inherent equitable powers to set aside a default and default judgment on the basis of "extrinsic fraud or mistake." (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342; *Manson, Iver & York v. Black* (2009) 176 Cal.App.4th 36, 42 (*Manson*); *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 749 (*Rodriguez*).) The "terms are given a broad meaning and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing," regardless of whether "the particular circumstances qualify as fraudulent or mistaken in the strict sense." (*In re Marriage of Park*, *supra*, at p. 342.)

Section 473(d) provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." "A judgment that is void on its face may be set aside at any time." (*Manson*, *supra*, 176 Cal.App.4th at p. 42.) "An order is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021 (*Pittman*).) "When a default judgment has been taken, the judgment roll consists of 'the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment.' (§ 670, subd. (a).)" (*Braugh v. Dow* (2023) 93 Cal.App.5th 76, 87.)

B. *Standard of Review*

A trial court order "is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

We review for abuse of discretion an order granting relief from default and default judgment on equitable grounds. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) The appellant bears the burden of demonstrating that the trial court abused its discretion. (*Janetsky v. Avis* (1986) 176 Cal.App.3d 799, 811 (*Janetsky*).) We independently review

9

whether a default or default judgment is facially void under section 473(d). (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961 (*Calvert*).)

C. *Timeliness*

Pogosyan argues that the trial court erred by granting the motions because they were not timely filed under section 473.5 and subdivision (b) of section 473. We disagree. The time limits in those statutes are inapplicable, because the motions were not made under those provisions. A party can move to set aside a default or default judgment under the court's inherent equitable powers and under section 473(d) at any time. (*Manson*, *supra*, 176 Cal.App.4th at p. 42; *Rodriguez*, *supra*, 236 Cal.App.4th at p. 749.)

D. *CAY Nevada*

The default and default judgment entered against CAY, LLC were facially void because plaintiff did not serve CAY, LLC with a statement of damages before default was taken.[2] (§ 425.11, subd. (c).) The sheriff's department served CAY, LLC's agent in June 2015. The deputy who effectuated service attested to serving Lee with the summons and complaint. Default was entered against CAY, LLC in August 2015, seven months before service by publication of the statement of damages sought from "An Benjamin." Plaintiff did not file a statement of damages or proof of its service in support of the request for entry of default against CAY, LLC. (*Fasuyi*, *supra*, 167 Cal.App.4th at pp. 687-688.)

---

[2]    We assume for the sake of this argument that naming and serving CAY, LLC as a defendant was the same as naming and serving CAY Nevada as a defendant. We accordingly do not address Pogosyan's argument about the identity of the corporate entities based on extrinsic evidence.

Thus, the judgment roll does not contain any information about the type and amount of relief plaintiff sought from CAY, LLC when default was entered against CAY, LLC. Default therefore was improperly entered against CAY, LLC. (§ 425.11, subds. (b), (c).) The trial court accordingly did not err by granting CAY Nevada's motion and setting aside the default and default judgment entered against CAY, LLC. (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 435; *Stevenson v. Turner* (1979) 94 Cal.App.3d 315, 318.)

Pogosyan's arguments to the contrary are unavailing. She argues that the trial court's analysis was flawed because a plaintiff in a personal injury action cannot include a specific amount of damages in the complaint. (§ 425.10, subd. (b).) The argument fails because of the statutory requirement that "before a default may be taken" "the plaintiff shall serve" (§ 425.11, subd. (c)) "a statement setting forth the nature and amount of damages being sought" (*id.*, subd. (b)).

Pogosyan also contends that the record reveals that plaintiff did in fact serve CAY, LLC with a statement of damages when she served its agent with the summons and complaint. In support of that contention, she cites the June 2015 proof of service on CAY, LLC, and she argues that the contention is "easily proved by looking at the evidence that was submitted in opposition." The contention is meritless. First, as we have explained, the sheriff's deputy attested to serving CAY, LLC's agent with copies of only the summons and complaint. Pogosyan does not explain how the proof of service demonstrates that the deputy also served Lee with a statement of damages. Nevertheless,

11

to the extent that Pogosyan is claiming that the documents listed on the third, unsigned page of the proof of service were served on Lee, we reject the argument. There is no indication anywhere in the proof of service that the list of documents on that page describes the documents that were actually served on CAY, LLC's agent, and the deputy did not attest to serving Lee with any documents other than the summons and complaint. Second, in determining whether the default and default judgment were facially void, we consider only the judgment roll. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021.) We accordingly do not consider any extrinsic evidence Pogosyan submitted in opposing the motion.

Pogosyan also argues that she was severely prejudiced by the trial court's ruling because the underlying incident occurred in 2012 and plaintiff has since passed away, so a trial is "not an option." Whether the court's ruling has resulted in prejudice to Pogosyan is not a proper consideration in analyzing whether the default and default judgment are void. "It is the judgment that is at issue, not [Pogosyan's] prejudice. [CAY Nevada] need not show more than that the judgment on its face is a nullity." (*Calvert*, *supra*, 29 Cal.App.5th at p. 964.)

For all of these reasons, we conclude that the trial court did not err by granting CAY Nevada's motion and setting aside the default and default judgment against CAY, LLC as void.

12

E. *Benjamin An*

The trial court also did not abuse its discretion by granting Benjamin An's motion and setting aside the default and default judgment entered against "An Benjamin" under the court's inherent equitable powers, because the default and default judgment were obtained through extrinsic fraud.

The trial court did not specify whether its ruling was based on a finding of extrinsic fraud or mistake. Because there is no evidence that the default and default judgment were obtained as a result of Benjamin An's neglectful actions (or any conduct of his), extrinsic mistake is inapplicable. (*Cruz*, *supra*, 146 Cal.App.4th at p. 503.) We accordingly infer that the trial court impliedly found that the default and default judgment against "An Benjamin" were obtained through extrinsic fraud.

"Extrinsic fraud usually arises when a party is denied a fair adversary hearing because he [or she] has been 'deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his [or her] claim or defense.'" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471.) "Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed)." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067.)

Benjamin An was prevented from presenting any claim or defense in the action because plaintiff never gave him—Benjamin An—notice of the lawsuit. Instead, plaintiff incorrectly named "An Benjamin" as a defendant and served "An Benjamin" with notice of the action. As the trial court correctly observed, Benjamin An and "An Benjamin" are not the same person, just as James Madison and Madison James are not the same person. (See *Manson*, *supra*, 176 Cal.App.4th at p. 45 ["Prima facie, Pamela Black was a different person from Paula Black"]; *McNally v. Mott* (1853) 3 Cal. 235, 236 ["*prima facie*, two different names must be held to signify two different persons"].) When the name "An Benjamin" is written without a comma separating the two names (as it was in the amended complaint and the published service of the summons in the Daily Journal), the person's first name is "An" and their last name is "Benjamin." That is not Benjamin An's name. Because Benjamin An was not properly named or served in the action, he was completely ignorant of the action and had no opportunity to defend against it. Benjamin An did not even learn about the action until years later when he attempted to sell the 5th Street property and discovered that it had a lien against it. Contrary to Pogosyan's argument, the trial court could consider extrinsic evidence in determining whether to set aside the default and default judgment against "An Benjamin" because the court was not determining whether they were facially void. (*Pittman*, *supra*, 20 Cal.App.5th at p. 1021.)

14

The prejudice caused to Benjamin An by naming "An Benjamin" as a defendant is especially severe because service was accomplished by publication. Service by publication is undertaken "as a method of last resort," because "there is really little expectation that a defendant so served will in fact acquire actual notice from the publication." (*County of Riverside v. Superior Court* (1997) 54 Cal.App.4th 443, 450.) It is even less likely that a defendant who is served by publication and not identified by the correct name will receive actual notice of the lawsuit.

Pogosyan ignores the trial court's ruling and claims without any explanation or analysis that "Benjamin An was properly served by publication." (Boldface omitted.) She does not acknowledge that the person served was "An Benjamin" and not Benjamin An or that the names are different. Pogosyan accordingly has failed to carry her burden on appeal of demonstrating that the trial court abused its discretion by granting Benjamin An's motion to set aside the default and default judgment against "An Benjamin." (*Janetsky*, *supra*, 176 Cal.App.3d at p. 811.)

F. *Sahara Motel*

Pogosyan's sole contention on appeal concerning the order setting aside the default and default judgment against Sahara Motel is that the trial court's ruling "should be reversed" because Sahara Motel "did not file a motion to set aside the default nor did it move to vacate the judgments." Pogosyan fails to support that assertion with any legal analysis or citation to legal authority, as she is required to do. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B).)

15

"We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [she] wants us to adopt.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Because Pogosyan's conclusory assertion about the trial court's ruling as to Sahara Motel is not supported by any legal analysis or citation to any legal authority, we consider the argument forfeited. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

In any event, the only evidence presented to the trial court on the issue demonstrates that in 2012 the business that operated at the 5th Street property was named "'Sahara Springs Family Park & Inn,'" not Sahara Motel. Yet, plaintiff named and served Sahara Motel. The default and default judgment against Sahara Motel were defective for the same reasons as the default and default judgment against "An Benjamin." Given that there is no evidence that any entity named Sahara Motel operated at the 5th Street property, service on the nonexistent entity was not effective, and no such entity could file a motion to set aside the default and default judgment. We accordingly conclude that Pogosyan failed to carry her burden on appeal of demonstrating that the trial court erred by setting aside the default and default judgment against Sahara Motel.

DISPOSITION

The orders setting aside the defaults and default judgments entered against "An Benjamin," CAY, LLC, and Sahara Motel are affirmed. Defendants shall recover their costs of appeal, if any.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____
J.

We concur:


McKINSTER _____
Acting P. J.


CODRINGTON _____
J.

17