Filed 6/6/24  Ritchie-Franklin v. Larson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| JERRIANNE RITCHIE-FRANKLIN, | |
| Plaintiff and Appellant, | E079023 |
| v. | (Super.Ct.No. MCC1800962) |
| BENJAMIN THAYNE LARSON, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed.

Jerrianne Ritchie-Franklin, in pro per., for Plaintiff and Appellant.

Schmid & Voiles, Kyle A. Cruse, and Denise H. Greer, for Defendant and Respondent.

1

Plaintiff Jerrianne Ritchie-Franklin appeals from an order setting aside the default and default judgment entered against defendant Benjamin Larson. We affirm.

BACKGROUND

Ritchie-Franklin is representing herself on appeal. The record on appeal does not include any pleadings, plaintiff's request for entry of default, or the default judgment entered against Larson. Our summary of the factual and procedural history is drawn from the limited documents provided in the record, including the superior court's register of actions.

According to the register of actions, Ritchie-Franklin filed a complaint in August 2018 and a first amended complaint in January 2019. Ritchie-Franklin filed several proofs of service purporting to show that Larson was served with both the complaint and the first amended complaint. The proofs of service are not included in the record on appeal. Each of those proofs of service is listed in the docket as being "non-complaint [*sic*]."

Starting in January 2021, Ritchie-Franklin filed several documents whose titles suggest that she was moving for entry of default judgment against Larson. The court entered judgment against Larson on August 27, 2021, and notice of entry of judgment was filed about two weeks later. The docket does not include entries for separately filed proofs of service for either of those filings.

A writ of execution was issued in March 2022. On March 18, 2022, a sheriff's deputy served Larson and his employer with an earnings withholding order, notifying

Larson and his employer that Ritchie-Franklin had obtained a judgment against Larson in the amount of $215,282.64. The order directed Larson's employer to withhold Larson's wages in order to satisfy the judgment.

In April 2022, Larson filed an ex parte application to recall or quash the writ of execution. The filing was supported by a declaration filed by Larson's attorney, Kyle Cruse. In the motion, Larson notified the court that he would "be moving as soon as possible to set aside the default judgment pursuant to [Code of Civil Procedure] section 473.5 (lack of notice of proceedings) as well as pursuant to the court's authority to grant equitable relief from judgment." (Unlabeled statutory citations refer to the Code of Civil Procedure.) In his declaration, Cruse stated that he had first learned of plaintiff's lawsuit against Larson about one week earlier, after the sheriff's department served Larson with an earnings withholding order and Larson contacted Cruse. Larson informed Cruse that the earnings withholding order "was the first notice of any kind" that he "had received regarding any litigation filed by plaintiff, Jerrianne Ritchie-Franklin." Cruse attested that Larson would "testify that he never received any notice, pleadings, correspondence of any kind informing him of the existence of this litigation." In support of the filing, Larson submitted copies of the earnings withholding order and the court's docket.

According to the register of actions, the trial court held a hearing on the ex parte application, and both parties appeared and presented argument. The record on appeal does not include a reporter's transcript of that hearing. According to the register of

3

actions, the court deemed the ex parte application to be "moving papers," set a briefing schedule, and scheduled a hearing for a motion to set aside the default judgment.

Ritchie-Franklin filed an opposition to Larson's motion, arguing that the motion was untimely under section 473, subdivision (b) (§ 473(b)). Ritchie-Franklin did not file any evidence in support of her opposition.

The court issued a tentative ruling in which it indicated that it was inclined to set aside the entry of default and default judgment. Along with the tentative ruling, the court notified the parties of the procedures to request oral argument and that failure to do so would result in the tentative ruling becoming the final ruling on the matter. Neither party requested oral argument, so the court adopted the tentative ruling as its final ruling. The court granted Larson's motion and set aside the default and default judgment against Larson under section 473(b). The court found that "lack of notice" was "shown by a preponderance of the evidence," that Larson was consequently "surprised," and that Larson requested relief "within a reasonable period."

## DISCUSSION

We presume that appealed orders are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "All intendments and presumptions are indulged to support [the order under review] on matters as to which the record is silent, and error must be affirmatively shown." (*Ibid.*) The appellant bears the burden of demonstrating prejudicial error and providing an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "In order to demonstrate error, an appellant must supply the reviewing

4

court with some cogent argument supported by legal analysis and citation to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) These principles apply with equal force to self-represented litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

In addition, we review the trial court's ruling, not its reasoning. (*Iloh v. Regents of University of California* (2023) 87 Cal.App.5th 513, 529 (*Iloh*).) Thus, "[i]f the decision of a lower court is correct on any theory of law applicable to the case, the judgment or order will be affirmed regardless of the correctness of the grounds upon which the lower court reached its conclusion." (*Mike Davidov Co. v. Issod* (2000) 78 Cal.App.4th 597, 610.)

"When a defendant does not respond to a plaintiff's properly served complaint, the plaintiff may seek the entry of default and, thereafter, a default judgment." (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1039-1040.) But a party who did not receive actual notice of an action in time to appear and defend may move to set aside a default and default judgment within a reasonable time not to exceed the earliest of (1) two years after entry of default judgment, or (2) "180 days after service on him or her of a written notice that the default or default judgment has been entered." (§ 473.5, subd. (a).) If the motion is timely and the court finds that the party's "lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, [the court] may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5, subd. (c).)

5

We review for abuse of discretion an order granting relief from default and default judgment. (*Manson, Iver, & York v. Black* (2009) 176 Cal.App.4th 36, 42 [§ 473]; *Rios v. Singh* (2021) 65 Cal.App.5th 871, 885 [§ 473.5].) The appellant bears the burden of demonstrating that the trial court abused its discretion. (*Janetsky v. Avis* (1986) 176 Cal.App.3d 799, 811.)

Ritchie-Franklin contends, as she did in the trial court, that Larson's motion to set aside the default and default judgment was untimely under section 473(b). But Ritchie-Franklin does not address section 473.5, which is one of the grounds on which Larson sought relief. Again, because we review the trial court's ruling and not its reasoning, we must affirm the order granting Larson's motion if it is correct under section 473.5, even though the order mistakenly cites section 473(b) instead of section 473.5. (*Iloh*, *supra*, 87 Cal.App.5th at p. 529.)

The order setting aside the default and default judgment is correct under section 473.5. The trial court found that Larson had not received notice of the lawsuit, and that finding is supported by substantial evidence, namely, Cruse's declaration. Moreover, the record on appeal is inadequate to support a challenge to the sufficiency of the evidence, because the record does not include the proofs of service of the pleadings.

Larson's motion also met all of the other requirements for relief under section 473.5. The motion was timely, and there was no evidence that Larson's lack of notice was caused by his own conduct. (§ 473.5, subds. (a), (c).) Therefore, under section

6

473.5, the trial court did not abuse its discretion by setting aside the default and default judgment, so we must affirm the court's order.

Ritchie-Franklin also argues that she was not served with the motion to set aside the default and default judgment and that the trial court did not notify her that it would issue a tentative ruling. The arguments are forfeited because they are not supported by any legal analysis or authority. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*United Grand*).) In any event, the limited record before us reflects that Ritchie-Franklin attended the hearing at which the trial court deemed Larson's ex parte application to be a motion to set aside, so she had actual notice of the motion. Moreover, the record on appeal does not include a transcript of that hearing, so it is impossible for us to determine what notice Ritchie-Franklin received concerning any future hearing on the motion and the court's practices concerning tentative rulings. Because the record is not adequate to demonstrate error, we must reject Ritchie-Franklin's argument concerning inadequate notice. (*Ibid.*)

Finally, Ritchie-Franklin argues that she "made it clear" that she wanted to present oral argument by filing an opposition to the motion to set aside. Ritchie-Franklin did not request oral argument in her opposition, and she does not explain why the mere filing of an opposition operated as a request for oral argument. More broadly, she does not explain how her conduct complied (or substantially complied) with the trial court's procedures for requesting oral argument, and she does not argue that those procedures were unduly onerous. Again, because the argument is not supported by any legal analysis

7

or citation to authority, we consider it forfeited.  (*United Grand*, *supra*, 36 Cal.App.5th at p. 146.)

For all of the foregoing reasons, we must affirm the order setting aside the default and default judgment.  The order was correct under section 473.5, and Ritchie-Franklin has not carried her burden of showing prejudicial error.

DISPOSITION

The order setting aside the default and default judgment is affirmed.  Larson shall recover his costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MENETREZ
J.

We concur:


RAMIREZ
P. J.


RAPHAEL
J.


8