[Civ. No. 19154. First Dist., Div. One. Aug. 11, 1960.]

SYLVESTER WHITE, Appellant, v. FRANK A.
DE MARTINI et al., Respondents.

Smith, Parrish, Paduck & Clancy and Robert H. Laws, Jr., for Appellant.

John W. Collier, City Attorney (Oakland), and Mark B. Shragge, Deputy City Attorney, for Respondents.

BRAY, P. J.—Appeal by petitioner from a judgment denying his application for a writ of mandate to compel the Civil Service Board of the city of Oakland to hear his appeal from his discharge as an employee of the street department.

### QUESTION PRESENTED

Was petitioner's appeal timely?

### RECORD

From December, 1953, to April, 1959, petitioner was an employee of the city of Oakland, subject to the provisions of the city charter, the city civil service board, and the rules promulgated by that board pursuant to the authority granted to it by charter. On April 24, 1959, notice of discharge was mailed petitioner. He received it April 25. On April 30, the fifth day after receipt of the notice and the sixth day after it was mailed him, petitioner filed an appeal in the office of the civil service board. That board refused to hear the appeal on the ground that it was filed too late.

### TIME FOR APPEAL

Rule 101 of the civil service board provides: "Whenever a person who has been suspended, fined, or discharged, desires to appeal therefrom to the Board, the following order of procedure shall govern:

"(a) The appeal must be filed in the office of the Board *within five days from the date that notice* of suspension, fine, discharge, or removal *was served upon* the affected employee." (Emphasis added.)

Rule 106 provides: "Any written notice required by the provisions of these rules, may be given either by personal service or by mail. In case of service by mail, the notice must be deposited in the United States Post Office with postage prepaid and addressed to the person on whom it is to be served at his last address, as the same appears on the records of the Board. *Such service shall be deemed completed at the time of the deposit in the Post Office.*" (Emphasis added.)

If rule 106 is applicable, then there can be no question but that the notice of appeal was filed too late, as the notice of discharge was deposited in the post office six days before the

appeal was filed. Petitioner contends, however, that because of rule 99, the time when the notice of discharge was *served* upon him is determined, not by rule 106, but by section 1013, Code of Civil Procedure, which provides in part: "In case of service by mail, . . . The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address, if served by different post offices, but such extension shall not exceed thirty days in all." This section, if applicable, would give petitioner an additional day in which to file his appeal. Rule 99 provides: "Rules 100, 101, and 102 are designed to carry out the provisions of Charter Sec. 81 and 82 which provide for Suspension, Fine, Discharge, Removal, and Appeals. . . ."

Section 81 of the Oakland City Charter provides for the removal of civil service employees. Section 82 provides for appeal by the removed employee. (Stats. 1931, p. 2665.)

Petitioner contends that because rule 99 fails to mention rule 106 the latter is not applicable to an appeal from a discharge, and in order to determine when an employee is *served* under section 101, he must turn to section 1013, Code of Civil Procedure. Petitioner further contends that even if rule 106 applies, section 1013, Code of Civil Procedure, extends the time for appeal one more day than that provided by rule 101. We are of the opinion that in neither event would section 1013 apply.

In *Pesce* v. *Department Alcoholic Beverage Control,* 51 Cal. 2d 310 [333 P.2d 15], the court held section 1013 extended the time provided by section 23081, Business and Professions Code, for the taking of an appeal to the Alcoholic Beverage Control Board from a decision of the Department of Alcoholic Beverage Control. Section 25760, Business and Professions Code, provided that if notice of any act of the department was given by mail, service was complete upon deposit in the post office (just as rule 106 does here). That section also provided that if service were made by mail "service shall be made in the manner prescribed by Section 1013 of the Code of Civil Procedure." The court said (pp. 312, 313): "The Business and Professions Code and the Code of Civil Procedure are to be read and construed together under the 'well-recognized rule that for purposes of statutory construction the codes are to be

regarded as blending into each other and constituting but a single statute.' . . .

"Sections 23081 and 25760 of the Business and Professions Code reasonably permit a construction which would include the application of section 1013 of the Code of Civil Procedure in its entirety to the filing of a notice of appeal from a decision of the Department of Alcoholic Beverage Control. That construction is consistent with the policy of the law which favors the preservation of the right of appeal and the hearing of appeals on their merits."

Thus, the court was construing two statutes together. Here, however, we are not dealing with two statutes but with administrative rules adopted under a charter provision, and are being asked to supersede those rules by section 1013, Code of Civil Procedure, which in *Alphonzo E. Bell Corp.* v. *Listle,* 55 Cal.App.2d 300 [130 P.2d 251], was held "relates only to the subject matter of the chapter of the code in which it appears and which deals with notices and filing and service of papers; it does not apply to notices generally which are required to be given under Civil Code sections, independently of pending actions. (*Colyear* v. *Tobriner* (1936), 7 Cal.2d 735 [62 P.2d 741, 109 A.L.R. 191].)'" (P. 306.) Section 82 of the Oakland City Charter provides: "Any person suspended, fined or discharged . . . may *within five days from the making . . . of the order* suspending, finding [*sic*] or discharging him . . . appeal . . . " (Emphasis added.) Actually rule 101 extends the time given in this charter provision, by providing that the discharged employee may appeal "within five days from the date that notice" of his discharge was served upon him. To hold that section 1013, Code of Civil Procedure, can extend a charter provision and the administrative rules of a city would deny the latter the autonomy which it possesses in purely municipal matters. (See Const., art. XI, § 6; *People* v. *Williamson* (1902), 135 Cal. 415, 419 [67 P. 504].)

However, a good reason exists for interpreting rule 99 in favor of petitioner. Just why that rule giving the "Purpose of Rules 100, 101, and 102" was adopted is not clear. A layman naturally would assume that "served upon" him referred to the time when he received the notice, and would not be likely to consider that the time it was mailed constituted service. Thus the rule, if it is not so interpreted, would constitute a trap for the unwary, or rather for the ordinary employee reading it. Public policy requires that rules dealing with situations in which a public employee may lose

his employment should be clear, concise and easily understandable, and not ambiguous or confusing.

 A discharged employee reading rules 99, 100, 101 and 102 could easily be misled into believing that these were the only rules affecting his time to appeal, and thereby be led to believe that under rule 101 he had five days within which to appeal after the notice of discharge was *served upon* him. Thus, not having seen rule 106, he would reasonably assume that "served upon" him meant when he received the notice.

In considering the interpretation of rules 99, 100, 101 and 102, their position in "Rules of the Civil Service Board" is of importance. These four rules appear under the heading "Suspension, Fine, Discharge, and *Appeals.*" (Emphasis added.) Then follows the heading "Reports," under which appears rule 103, dealing with "Reports to Board," obviously a subject completely remote from anything appearing under the previous heading. After "Reports to Board" appears the heading "Miscellaneous," under which appears rule 104 requiring that employees inform the board of changes of address, rule 105 dealing with computation of term of service, rule 106, previously quoted, dealing with "Any written notice required by the provisions of these rules," rule 107, "Exceptions from the Operation of the Civil Service Rules," and rule 108, "Position Held Subject to Rules." There is nothing under the heading "Suspension, Fine, Discharge, and Appeals" which refers the discharged employee desiring to appeal, to "Miscellaneous" and the rule appearing there. It would be a very simple matter for the civil service board to amend section 99 to include rule 106 as one of the rules "designed to carry out the provisions of Charter Sec. 81 and 82 which provide for Suspension, Fine, Discharge, Removal, and Appeals," so as to make it clear that rule 106 is so designed and intended.

The uncertainty created by the civil service board itself in enacting rule 99 requires that the petitioner be not thereby deprived of his right of appeal by an interpretation directly contrary to the interpretation which a reasonably intelligent person would make. Therefore we hold that petitioner's appeal was timely, and he is entitled to have his appeal determined by the civil service board.

The judgment is reversed and the superior court is directed to issue a peremptory writ of mandate as prayed.

Tobriner, J., and Duniway, J., concurred.