[No. F049582. Fifth Dist. Apr. 4, 2007.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Appellants, v. LIVINGSTON UNION SCHOOL DISTRICT et al., Defendants and Respondents.

COUNSEL

Michael R. Clancy, Madalyn J. Frazzini and Charmaine L. Huntting for Plaintiffs and Appellants.

McCormick, Barstow, Sheppard, Wayte & Carruth, Jeffrey R. Olson and Nicole A. Bolson for Defendants and Respondents.

OPINION

**VARTABEDIAN, Acting P. J.**—This is an appeal from a judgment denying a petition for writ of mandate. Plaintiff and appellant Mike Perez (Perez) and his labor union, plaintiff and appellant California School Employees Association (CSEA) (collectively, appellants), contend respondent Livingston Union School District (and affiliated persons and entities) wrongfully denied Perez a due process hearing in connection with his disciplinary termination from employment. The trial court found Perez did not file a timely request for a hearing and waived the right to a hearing. We conclude respondent's policies did not provide Perez due process of law. Accordingly, we will reverse the judgment.

### Facts and Procedural History

Perez was employed by respondent as a bus driver and custodian. He was a full-time, permanent employee who worked during the school year. In the spring of 2004, a parent complaint resulted in a review of Perez's job performance. As respondent's investigation of the matter continued, the school year ended and Perez was off work until the start of the next school year.

On June 24, 2004, respondent sent Perez a document entitled "Notice of Statement of Charges and Recommendation for Immediate Suspension without Pay and Dismissal from Employment." The specific nature of the charges against Perez is not relevant to this appeal, but the following statements contained in the notice are relevant:

A section entitled "Notice of Immediate Suspension without Pay and Right To Respond" included the following: "[Y]ou are hereby ordered immediately

suspended without pay. This Suspension Order will be made, effective July 30, 2004. You have a right to . . . respond orally or in writing to the charges. . . . If you wish to respond orally, a meeting will be arranged . . . for that purpose." There was no date or deadline for requesting the meeting.

The next section was entitled "Notice of Right to Hearing." It stated, in part: "You have a right to a hearing on these charges. If you wish to request a hearing, you must do so within five (5) days after the service of this Notice of Statement of Charges and Recommendation for Immediate Suspension Without Pay and Dismissal from Employment upon you. Enclosed [is] a form . . . , the mailing or delivery of which constitutes your demand for a hearing before the Board."

Attached to the notice were, in addition to the request form, sections of the Education Code and respondent's personnel policy. One portion of the policy, designated BP 220.04, stated, in part: "Notification to a permanent employee of proposed disciplinary action shall be deemed sufficient when it is delivered in person to the employee or when it is deposited in the U.S. Certified Mail, postage prepaid and addressed to the last known address of the employee. [¶] The notification to the employee shall contain the following: [¶] . . . [¶] 5. A statement that the employee has a right to a hearing on such charges if demanded within five (5) days after service of the notice to the employee."

Perez received mail at a post office box. Respondent mailed the notice, certified mail, return receipt requested, on June 24, 2004. The record does not indicate when delivery was first attempted but Perez's wife signed for the notice on July 8, 2004. (Perez's declaration said he and his wife had been out of town from July [*sic*, presumably June] 21, 2004, through the evening of July 7, 2004.) On July 13, 2004, Perez delivered a demand for hearing to respondent and informed respondent he had been out of town.

Perez and a CSEA representative met with respondent's superintendent on July 21, 2004. By letter dated July 22, 2004, captioned "Decision Following *Skelly* Meeting," the superintendent notified Perez that "there is evidence which provides sufficient cause for your termination from employment . . . and that you waived your right to an Evidentiary Hearing . . . ." Although not explicitly stated in the superintendent's letter, the parties agree the claim of waiver was based on Perez's failure to submit a request for hearing within five days after the notice was mailed to him.

According to the petition for writ of mandate, a CSEA representative met in closed session with respondent's governing board on August 12, 2004, and "presented the facts pertaining to Perez's request for a hearing." That same date, the board terminated Perez's employment effective August 13, 2004.

On April 19, 2005, appellants filed a petition for peremptory writ of mandate. Respondent answered and moved for summary judgment. It contended its rules provide that service of the notice is complete upon mailing and that Perez was required to request his hearing by June 29, 2004, in order to have been timely. Perez contended service of the notice should be deemed complete only upon actual delivery of the notice to him, and that his request within five days after such delivery was timely. The court heard the motion for summary judgment on October 28, 2005, and orally granted the motion. The court concluded respondent's policy stated that service of the notice was deemed complete upon mailing, and the policy did not deprive Perez of due process.

Judgment was filed November 17, 2005, and appellants filed a timely notice of appeal.

### Discussion

Appellants contend respondent failed to afford Perez due process of law when it rejected his request for a hearing. In order to satisfy due process requirements, appellants argue, the "service requirement in the Policy must be read as a requirement of actual receipt when the notice is mailed to a ten-month employee, like Perez, during the two months of the year when he is not working." Appellants also contend BP 220.04 violates Education Code section 45113, if the policy is interpreted to provide that service of the notice is complete upon mailing and not upon actual receipt by the employee.

■ Education Code section 45113, subdivision (a) provides that school boards of districts not operating under a merit system shall adopt rules and regulations governing the "personnel management of the classified service." Subdivision (b) provides that permanent employees of such a district "shall be subject to disciplinary action only for cause as prescribed by rule or regulation of the governing board . . . ." Subdivision (c) requires the governing board to adopt rules of procedure that, among other things, provide

for a hearing on disciplinary charges and establish "the time within which the hearing may be requested which shall be not less than five days after service of the notice to the employee . . . ."

■ Among its other requirements, the due process clause of the Fourteenth Amendment to the United States Constitution requires that if a person is entitled to notice in a governmental proceeding, the method of giving that notice must be reasonably calculated to actually notify; giving notice cannot be merely a token or formalistic gesture. (See *Mullane v. Central Hanover Tr. Co.* (1950) 339 U.S. 306, 315 [94 L.Ed. 865, 70 S.Ct. 652] ["process which is a mere gesture is not due process"]; *D & M Financial Corp. v. City of Long Beach* (2006) 136 Cal.App.4th 165, 181 [38 Cal.Rptr.3d 562].) The requirements of due process in a particular setting must be based on an evaluation of the totality of the circumstances. (See *In re Emily R.* (2000) 80 Cal.App.4th 1344, 1352 [96 Cal.Rptr.2d 285].) If the notice permits or requires action by the person notified, the notice must be given in time to reasonably permit action. (See *Coburn v. State Personnel Bd.* (1978) 83 Cal.App.3d 801, 806 [148 Cal.Rptr. 134].) Further, when the notice involves an important issue such as a government employee's loss of permanent employment, the notice "should be clear, concise and easily understandable, and not ambiguous or confusing." (*White v. De Martini* (1960) 183 Cal.App.2d 665, 669 [6 Cal.Rptr. 782].)

In the present case, the board policy is not clear and understandable; it is, instead, ambiguous and confusing. In addition, as we will discuss later, in the circumstances of this case the notice is not reasonably calculated to provide an opportunity to timely request a hearing.

A. *Ambiguity*

BP 220.04 requires that the notice to an employee contain a "statement that the employee has a right to a hearing on such charges if demanded within five (5) days after service of the notice to the employee." As respondent acknowledges (citing several different dictionaries), in normal parlance "service" means "formal delivery," and "delivery" is the "formal act of transferring something, such as a deed; the giving or yielding possession or control of something to another." Because BP 220.04 states that such notice is "sufficient" upon mailing, respondent reasons, the section "makes it clear that the requirement of delivery, albeit [*sic*] service, by mail is fulfilled upon deposit in the mail, not upon receipt by the employee."

Respondent ignores the different subjects addressed in the two portions of BP 220.04, namely, "notice" and "service." "Notice" is stated to be "sufficient when it is delivered in person to the employee or when it is deposited" in the mail. The rule does not, however, define when "service" is complete.

Returning to respondent's definition of "service" as "the giving or yielding possession or control of something to another," we may agree with respondent that depositing a notice in the mail transfers "control to another," but the "other" is the United States Postal Service, not the addressee of the piece of mail, in any ordinary use of the terms. We need not delve into the formalities of agency and constructive possession. It is sufficient for these purposes to note that in common understanding the sender of mail pays the postal service to deliver mail on the sender's behalf to the addressee; the addressee does not pay the postal service to collect mail on the addressee's behalf (except in the limited sense that a post office box patron rents space to which the mail can be delivered).

In any event, it cannot be said that BP 220.04 clearly informs an employee of the date by which he or she must request a hearing. It certainly does not do so in the clear language of the employer rule quoted in *White v. De Martini, supra,* 183 Cal.App.2d at page 666, which respondent cites as analogous to the language of BP 220.04. In *White,* the rule stated: "Such service [of notice] shall be deemed completed at the time of the deposit in the Post Office." (183 Cal.App.2d at p. 666, italics omitted.) Thus, in *White,* "service" was the subject of the sentence, and the subject was defined as "completed at the time of the deposit in the Post Office." In BP 220.04, the subject of the relevant sentence is "notice," and the sentence does not address the completion of service, but only the "sufficiency" of the notice itself.

Although respondent's analogy with the rule quoted in *White* is not on point, the language of the *White* opinion is highly pertinent: "The uncertainty created by the civil service board itself in enacting [its rules] requires that the petitioner be not thereby deprived of his right of appeal by an interpretation directly contrary to the interpretation which a reasonably intelligent person would make." (*White v. De Martini, supra,* 183 Cal.App.2d at p. 669.)

We do not hold there can never be a valid rule establishing the date of "service" of notice as the date of mailing. As noted in *Hankla v. Governing Bd.* (1975) 46 Cal.App.3d 644, 655 [120 Cal.Rptr. 827]: "The usual rule is that service by mail is effective upon depositing it in the mail. (Code Civ. Proc., § 1013.)" However, we do hold that BP 220.04 does not clearly adopt this rule for completion of service of notice.

B. *Due Process*

■ Even if the language of BP 220.04 could be construed to clearly adopt a "complete upon mailing" rule for service by mail, the policy, so construed, would fail to satisfy the requirements of due process. We begin with two observations: First, when the *Hankla* court stated the "usual rule," it

cited as authority Code of Civil Procedure section 1013. That section provides, in relevant part, that "service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after the service of the document . . . shall be extended five calendar days" if the notice is mailed to and from California addresses. While Code of Civil Procedure section 1013 is not, in terms, applicable to the notice here (see *White v. De Martini, supra,* 183 Cal.App.2d at p. 668), *Hankla* does not constitute judicial approval of a strict five-day notice period when a governmental entity specifies that service is complete upon mailing.[1]

Our second preliminary observation is that Education Code section 45113 does not purport to authorize a five-day notice period when service is complete upon mailing. Instead, section 45113 provides the minimum standards for employee disciplinary notices: Locally adopted rules must contain a provision for informing the employee "the time within which the hearing may be requested which shall not be less than five days after service of the notice to the employee . . . ." (Ed. Code, § 45113, subd. (c).) We do not doubt that, in the case of personal delivery of a disciplinary notice, five days within which to respond would satisfy due process.

Nevertheless, notice, however given, "must be that notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' (*Mullane v. Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314 [94 L.Ed. 865, 70 S.Ct. 652] . . . .)" (*Hankla v. Governing Bd., supra,* 46 Cal.App.3d at p. 654, citation omitted.) "All the circumstances," in the present case, must include the fact that many, perhaps a majority, of respondent's classified employees are not year-round employees. Thus, while respondent has daily access to employees during most of the year, there will be extended periods during each year when respondent knows it will not be able to deliver notices in person through normal work channels. Due process requires that respondent's system of notice take this reality into account.

In *Coburn v. State Personnel Bd., supra,* 83 Cal.App.3d 801, the issue was the appellant's right to pretermination notice and the opportunity to rebut

[1] *Hankla* does stand for the proposition that a governmental employer is not required to take into account an employee's refusal to accept mail tendered to the employee by the postal service. (See *Hankla v. Governing Bd., supra,* 46 Cal.App.3d at p. 655.) We agree with that rule. Nothing in the present opinion is meant to prohibit respondent from adopting a rule that treats notice of attempted delivery by the postal service as effective, albeit constructive, delivery to the employee. (See, e.g., U. S. Postal Service, Domestic Mail Manual, ch. 508, § 1.1.7 [available at <http://pe.usps.gov/text/dmm300/508.htm#wp1036157> [as of Apr. 4, 2007].])

charges and, in that sense, is distinguishable from the present case. Nevertheless, the case is instructive on the necessity that the governmental employer must take into account the actual circumstances that might impair the giving of sufficient notice of adverse action and a realistic opportunity to respond.

In *Coburn*, the appellant was a psychiatric technician at a state hospital. Accused of immoral acts with a patient, the appellant was suspended with pay on December 17, 1975. (*Coburn v. State Personnel Bd.*, *supra*, 83 Cal.App.3d at p. 803.) The employer mailed a notice of punitive action on December 30, stating that dismissal was effective January 5, 1976, at 5:00 p.m. Because of the intervening holidays, the appellant received the notice by mail about two and a half hours before the stated deadline on January 5. The employer refused the appellant's request to extend the effective date of dismissal in order to allow him to respond to the charges. (*Id.* at p. 804.) The appellate court held that the employer had denied the appellant his due process rights: "We conclude that the actual notice given appellant, two and one-half hours prior to the imposition of the punitive action, failed to comport with the requirements of due process." (*Id.* at p. 806.)

■ In the present case, both respondent's rule and respondent's practice ignore the circumstance that permanent employees will be away from their employment for months at a time, on a regular basis. Due process requires that respondent take this circumstance into account in establishing and administering the procedures required by Education Code section 45113: those procedures must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (*Mullane v. Central Hanover Tr. Co.*, *supra*, 339 U.S. at p. 314.)

Both under the Education Code and the United States Constitution, respondent has great latitude in establishing its policies for giving notice and permitting employees to respond and request a hearing. Respondent might, for example, adopt a different timeframe for personal service and service by mail, and it might adopt a different timeframe for notice to employees during the school year and during summer breaks. But respondent cannot do what it did here, administering its policy in such a manner that the notice became a mere formality and the opportunity to respond and request a hearing vanished altogether.

## Disposition

The judgment is reversed. The matter is remanded with directions that the trial court shall issue a peremptory writ of mandate directing respondent to conduct a hearing pursuant to Livingston Union School District Board policy. Appellants are awarded costs on appeal.

Cornell, J., and Gomes, J., concurred.

On April 12, 2007, the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied June 20, 2007, S152595.